IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
NEWPORT NEWS DIVISION

| | |
|---|---|
| FORCEX INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No.: 4:11-cv-00088-RAJ-TEM |
| TECHNOLOGY FUSION, LLC ) | |
| AND KELLY MCDOUGALL ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS
TO DEFENDANT KELLY MCDOUGAL**

Plaintiff ForceX, Inc. ("ForceX"), pursuant to Rules 26, 33, and 34 of the Federal Rules of Civil Procedure, requests full and complete answers to the following Requests for Production of Documents within the time proscribed by the Court for expedited discovery, or within 30 days of service, whichever is sooner.

**DEFINITIONS AND INSTRUCTIONS**

As used herein, the word "Document" is intended to have the broadest possible definition, including without limitation, paper documents, computer data, e-mail, electronic data and tangible things.

These requests are intended to request documents in the possession, custody or control of Defendant, its counsel, or anyone acting on its behalf.

1

In producing documents in response to these and any other of Plaintiff's document requests in this lawsuit, Plaintiff requests that you (1) "Bates stamp" or otherwise mark all documents produced and (2) use the space provided after each request to identify by "Bates number" or other mark which documents are being produced in response to the request.

## FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS TO MCDOUGALL

1. Please produce all documents and tangible things in your possession, custody or control that you received from or that were generated by ForceX.

   **RESPONSE:**

2. Please produce all documents and tangible things in your possession, custody or control that refer to ForceX.

   **RESPONSE:**

3. Please produce all documents and tangible things in your possession, custody or control that you received from or that were generated by any current or former customer of ForceX since your employment with ForceX ended.

   **RESPONSE:**

4.  Please produce all documents and tangible things in your possession, custody or control that refer to any current or former customer of ForceX since your employment with ForceX ended.

**RESPONSE:**

5.  Please produce all documents and tangible things in your possession, custody or control that refer to or relate to your Employment, Confidential Information, and Invention Assignment Agreement with ForceX.

**RESPONSE:**

6.  Produce all of your diaries, logs, personal journals, notes, or personal calendars relating to or concerning in any way the facts, claims, causes of action, allegations, or contentions set out in the Complaint.

**RESPONSE:**

7.  Produce all statements, telephone recordings, or taped conferences reflecting or concerning conversations or communications with ForceX or with any employees, agents, or representatives of ForceX.

**RESPONSE:**

8. Produce all cell phone, text message, and voicemail records from January 2, 2010, through the present, for any cell phone or portable communication device used by you from January 2, 2010, through the present.

**RESPONSE:**

9. Produce all records evidencing, relating to, or otherwise concerning any business related travel made by you at any time since January 2, 2010.

**RESPONSE:**

10. Please produce all documents and tangible things in your possession, custody or control that refer to or relate to any goods or services sold by you on behalf of Technology Fusion LLC.

**RESPONSE:**

11. Please produce all documents and tangible things in your possession, custody or control that refer to or relate to any commissions, sales, or revenues earned by you, Technology Fusion LLC, or any of Technology Fusion LLC's agents or independent contractors.

**RESPONSE:**

12. Please produce all documents and tangible things in your possession, custody or control that refer to or relate to any communication with any individual or entity with whom you communicated as an employee of ForceX and with whom you have communicated since your employment with ForceX ended.

**RESPONSE:**

13. Please produce all documents and tangible things in your possession, custody or control that refer to or relate to any consulting agreements between you or Technology Fusion, LLC and any third party.

**RESPONSE:**

14. Please produce all documents and tangible things in your possession, custody or control that refer to or relate to the formation of Technology Fusion, LLC and the ownership of Technology Fusion, LLC.

**RESPONSE:**

15. Please produce all documents and tangible things in your possession, custody or control that you intend to rely upon to show that your Employment, Confidential Information, and Invention Assignment Agreement with ForceX is unreasonable or unenforceable.

**RESPONSE:**


16. Please produce "org. charts" or similar documents that show the reporting structure of Technology Fusion, LLC, at any time since it was formed.

**RESPONSE:**

**ForceX, Inc.**

By: *Wendy McGraw* (signature)

Wendy C. McGraw (VSB No. 37880)
HUNTON & WILLIAMS LLP
500 East Main Street, Suite 1000
Norfolk, VA 23510
T: (757) 640-5300
F: (757) 625-7720
E-mail: wmcgraw@hunton.com

Kenneth A. Weber
Benjamin H. Bodzy
*(Pro Hac Vice Motions Pending)*
BAKER DONELSON BEARMAN
CALDWELL & BERKOWITZ, P.C.
Baker Donelson Center, Suite 800
211 Commerce Street
Nashville, TN 37201
T: (615) 726-5600
F: (615) 744-5640

*Counsel for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
NEWPORT NEWS DIVISION

FORCEX INC., )
)
)
Plaintiff, )
) Case No.: 4:11-cv-00088-RAJ-TEM
TECHNOLOGY FUSION, LLC )
AND KELLY MCDOUGALL )
)
)
Defendants. )

## PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT TECHNOLOGY FUSIONS, LLC

Plaintiff ForceX, Inc. ("ForceX"), pursuant to Rules 26, 33, and 34 of the Federal Rules of Civil Procedure, requests full and complete answers to the following Requests for Production of Documents within the time proscribed by the Court for expedited discovery, or within 30 days of service, whichever is sooner.

### DEFINITIONS AND INSTRUCTIONS

As used herein, the word "Document" is intended to have the broadest possible definition, including without limitation, paper documents, computer data, e-mail, electronic data and tangible things.

These requests are intended to request documents in the possession, custody or control of Defendant, its counsel, or anyone acting on its behalf.

In producing documents in response to these and any other of Plaintiff's document requests in this lawsuit, Plaintiff requests that you (1) "Bates stamp" or otherwise mark all documents produced and (2) use the space provided after each request to identify by "Bates number" or other mark which documents are being produced in response to the request.

## FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS TO TECHNOLOGY FUSION, LLC

1. Please produce all documents and tangible things in Technology Fusion, LLC's possession, custody or control that Technology Fusion, LLC received from or that were generated by ForceX.

**RESPONSE:**


2. Please produce all documents and tangible things in Technology Fusion, LLC's possession, custody or control that refer to ForceX.

**RESPONSE:**


3. Please produce all documents and tangible things in Technology Fusion, LLC's possession, custody or control that Technology Fusion, LLC received from or that were generated by any current or former customer of ForceX.

**RESPONSE:**

4. Please produce all documents and tangible things in Technology Fusion, LLC's possession, custody or control that refer to any current or former customer of ForceX.

**RESPONSE:**

5. Please produce all documents and tangible things in Technology Fusion, LLC's possession, custody or control that refer to or relate to your Employment, Confidential Information, and Invention Assignment Agreement with ForceX.

**RESPONSE:**

6. Produce all logs, journals, notes, or calendars relating to or concerning in any way the facts, claims, causes of action, allegations, or contentions set out in the Complaint.

**RESPONSE:**

7. Produce all statements, telephone recordings, or taped conferences reflecting or concerning conversations or communications with ForceX or with any employees, agents, or representatives of ForceX.

**RESPONSE:**

8. Produce all cell phone, text message, and voicemail records from January 2, 2010, through the present, for any cell phone or portable communication device used by Technology Fusion, LLC from January 2, 2010, through the present.

**RESPONSE:**

9. Produce all records evidencing, relating to, or otherwise concerning any business related travel made by any employee or agent of Technology Fusion, LLC at any time since January 2, 2010.

**RESPONSE:**

10. Please produce all documents and tangible things in Technology Fusion, LLC's possession, custody or control that refer to or relate to any goods or services it sold.

**RESPONSE:**

11. Please produce all documents and tangible things in Technology Fusion, LLC's possession, custody or control that refer to or relate to any commissions, sales, or revenues earned by Technology Fusion LLC, or any of Technology Fusion LLC's agents or independent contractors.

**RESPONSE:**

12. Please produce all documents and tangible things in Technology Fusion, LLC's possession, custody or control that refer to or relate to any communication with any individual or entity with whom you communicated as an employee of ForceX and with whom you have communicated since your employment with ForceX ended.

**RESPONSE:**

13. Please produce all documents and tangible things in Technology Fusion, LLC's possession, custody or control that refer to or relate to any consulting agreements with any third party.

**RESPONSE:**

14. Please produce all documents and tangible things in Technology Fusion, LLC's possession, custody or control that refer to or relate to the formation of Technology Fusion, LLC and the ownership of Technology Fusion, LLC.

**RESPONSE:**

15. Please produce all documents and tangible things in Technology Fusion, LLC's

possession, custody or control that it intends to rely upon to show that Kelly McDougall's Employment, Confidential Information, and Invention Assignment Agreement with ForceX is unreasonable or unenforceable.

**RESPONSE:**


16.     Please produce "org. charts" or similar documents that show the reporting structure of Technology Fusion, LLC, at any time since it was formed.

**RESPONSE:**

**ForceX, Inc.**

By: *Wendy C. McGraw*
Wendy C. McGraw (VSB No. 37880)
HUNTON & WILLIAMS LLP
500 East Main Street, Suite 1000
Norfolk, VA  23510
T:      (757) 640-5300
F:      (757) 625-7720
E-mail:      wmcgraw@hunton.com

Kenneth A. Weber
Benjamin H. Bodzy
*(Pro Hac Vice Motions Pending)*
BAKER DONELSON BEARMAN
CALDWELL & BERKOWITZ, P.C.
Baker Donelson Center, Suite 800
211 Commerce Street
Nashville, TN  37201
T:      (615) 726-5600
F:      (615) 744-5640

*Counsel for Plaintiff*